UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WILLIAM ISHAM MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:15-cv-00084-TWP-WGH |
| | ) |
| KEATING Lt., | ) |
| NOEL Officer, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Filing Fee, Dismissing Complaint and Directing Further Proceedings**

**I.
Filing Fee**

Plaintiff William Montgomery filed this case without paying the $400.00 filing fee or demonstrating his financial inability to do so. He shall have **through August 20, 2015**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lack the financial ability to do so.

**II.
Copy & Supplies Request**

The plaintiff's request for a copy of his complaint is **granted**. The clerk is **directed** to send the plaintiff a copy of docket 1 with his copy of this Entry. The plaintiff's requested to send a copy of the complaint to other individuals is denied.

The plaintiff's motion for the Court to Order the Clark County Jail to provide supplies (Dkt. 3) is **denied**. The plaintiff requests that the Clark County jail provide a variety of office supplies and other things to aid him in litigating this case. The plaintiff does not have an unlimited right to office supplies of his choosing. Rather, he has a constitutional right of reasonable access

to the courts, and that right protects an inmate's ability to pursue nonfrivolous legal claims. *See Bounds v. Smith*, 430 U.S. 817 (1977). Indigent inmates must be provided paper, pen, and postage to draft and mail legal documents, but it is apparent from the plaintiff's filing that he does, in fact, have paper, pen, and postage. The plaintiff has not alleged that he has been prevented from bringing any nonfrivolous legal claim, and therefore, it is not appropriate for the Court to order the jail to provide the inmate's list of specific requests.

### III.
### Screening

Mr. Montgomery is a prisoner currently confined in Clark County Jail. Because Mr. Montgomery is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Montgomery are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Montgomery alleges that on June 27, 2015, at 11:00 p.m., prisoners in cells above his flushed mattress stuffing down the toilet such that toilet water, including feces and urine, flooded

into his cell and another cell.  That night, Mr. Montgomery asked defendants Officer Noel and Lieutenant Keating to provide him a mop or get his cell cleaned, and they responded that they would not clean the cell or get him a mop.  Feces and urine sat on the floor of both cells for approximately nine hours. At 8:30 a.m. the next morning, Mr. Montgomery was taken out of his cell and Officer Gutherie had a shopvac brought in so that a trustee could clean the cell.

Mr. Montgomery contends that the nine hours he had to spend in his cell with dirty water on the floor violated his Eighth Amendment rights.  To prevail on an Eighth Amendment claim, a prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

First, the facts alleged, even if true, are insufficient to suggest that the conditions at issue were "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Id.*  For example, it is unclear how much water was in his cell, whether Mr. Montgomery was required to stand in the water, or whether he could remain dry on his bed where he could sleep from the time the flood occurred until he was released from his cell in the morning, when the cell was cleaned.

Second, even if the cell's condition was sufficiently serious, Mr. Montgomery's allegations are insufficient to show that the defendants acted with deliberate indifference to the conditions in his cell.  Prison officials who actually knew of a substantial risk to inmate health or safety are free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that they were deliberately indifferent.  *See Farmer*, 511 U.S.

825, 847 (1994); *Soto v. Johansen*, 137 F.3d 980, 981 (7th Cir. 1998). Here, no reasonable jury could conclude that the defendants failed to respond reasonably to the risk of harm from the unclean cell. Mr. Montgomery's cell and an adjacent cell were flooded by a toilet clogged by other inmates—that is, due to no fault of the defendant officers—at 11:00 p.m. Although neither defendant cleaned Mr. Montgomery's cell in the middle of the night once he made them aware of the issue, his cell was cleaned early in morning. Further, Mr. Montgomery alleges no harm from the flooded cell other than general disgust. Given this, no reasonable jury could conclude that the defendants acted with deliberate difference, as the unsanitary conditions were dealt with almost immediately in the next morning and may not have actually harmed Mr. Montgomery.

## IV.
## Conclusion

Mr. Montgomery's Eighth Amendment claim is **dismissed** for failure to state a claim upon which relief can be granted. However, the dismissal of the complaint will not result in the dismissal of the action at this time. Mr. Montgomery shall have **through August 20, 2015,** in which to file an amended complaint that cures the above deficiencies.

In filing an amended complaint, Mr. Montgomery shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief that is sought.

Any amended complaint must have the words "amended complaint" on the front page. It shall also have the proper case number, "4:15-cv-00084-TWP-WGH" on the front page. If no amended complaint is filed by the deadline, the action will be dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 7/24/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM ISHAM MONTGOMERY
68194
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130